PER CURIAM.
By administrative order entered on July 1, 1998, Chief Justice Harding appointed the Committee on Rules to Implement the Florida Criminal Punishment Code. The Florida Criminal Punishment Code governs sentencing for all felonies, except capital felonies, committed on or after October 1, 1998. See ch. 98-204, Laws of Fla.; §§ 921.002-.0027, Fla. Stat. (1997). The committee has submitted a proposed rule to govern procedural matters arising from the application of the Criminal Punishment Code in the courts and a proposed rule to provide several sentencing scoresheet forms. This Court’s authority to adopt these proposed procedural rules is based on article V, section 2(a) of the Florida Constitution.
The committee received comments and suggestions from interested persons representing various officials and agencies of the criminal justice system. As is required by chapter 98-204, section 6, Laws of Florida, the Department of Corrections, state attorneys, public defenders, and Office of the State Courts Administrator participated in developing the proposed new sentencing scoresheet forms.
Upon consideration of the proposed rule and forms, the Court hereby adopts new Florida Rules of Criminal Procedure 3.704 and 3.992, effective October 1, 1998, and applicable to all felonies, except capital felonies, committed on or after that date. The new rules are set forth in the appendix. The Court will consider comments filed within thirty days of the date of this opinion.
It is so ordered.
HARDING, C.J., and OVERTON, SHAW, KOGAN, WELLS, ANSTEAD and PARIENTE, JJ., concur.
APPENDIX
Rule 3.704. The Criminal Punishment Code
(a) Use. This rule is to be used in conjunction with the forms located at rule 3.992. This rule implements the 1998 Criminal Punishment Code, in compliance with chapter 921, Florida Statutes. This rule applies to offenses committed on or after October 1, 1998, or as otherwise required by law.
(b) Purpose and Construction. The purpose of the 1998 Criminal Punishment Code and the principles it embodies are set out in subsection 921.002(1), Florida Statutes. Existing caselaw construing the application of sentencing guidelines will continue as precedent unless in conflict with the provisions of this rule or the 1998 Criminal Punishment Code.
(c) Offense Severity Ranking.
(1) Felony offenses subject to the 1998 Criminal Punishment Code are listed in a single offense severity ranking chart located at section 921.0022, Florida Statutes. The offense severity ranking chart employs 10 offense levels, ranked from least severe to most severe. Each felony offense is assigned to a level according to the severity of the offense, commensurate with the harm or potential for harm to the community that is caused by the offense, as determined by statute. The numerical statutory reference in the left column of.the chart and the felony degree designations in the middle column of the chart determine whether felony offenses are specifically listed in the offense severity ranking chart and the appropriate severity level. The language in the right column is merely descriptive.
*266 (2)Felony offenses not listed in section 921.0022 are assigned a severity level in accordance with section 921.0023, Florida Statutes, as follows:
(A) A felony of the third degree within offense level 1.
(B) A felony of the second degree within offense level 4.
(C) A felony of the first degree within offense level 7.
(D) A felony of the first degree punishable by life within offense level 9.
(E) A life felony within offense level 10.
An offense does not become unlisted and subject to the provisions of section 921.0023 because of a reclassification of the degree of felony pursuant to section 775.0845, section 775.087, section 775.0875 or section 794.023, Florida Statutes, or any other law that provides an enhanced penalty for a felony offense.
(d) General Rules and Definitions.
(1) One or more Criminal Punishment Code scoresheets must be prepared for each offender covering all offenses pending before the court for sentencing, including offenses for which the offender may qualify as an habitual felony offender, an habitual violent felony offender, violent career criminal or prison releasee reoffender. The office of the state attorney or the Department of Corrections, or both where appropriate, must prepare the scoresheets and present them to defense counsel for review as to accuracy. If sentences are imposed under section 775.084 or section 775.082(9), Florida Statutes, and the Criminal Punishment Code, a scoresheet listing only those offenses sentenced under the Criminal Punishment Code must be filed in addition to any sentencing documents filed pursuant to section 775.084 or section 775.082(9).
(2) One scoresheet must be prepared for all offenses committed under any single version or revision of the guidelines or Criminal Punishment Code pending before the court for sentencing.
(3) If an offender is before the court for sentencing for more than one felony and the felonies were committed under more than one version or revision of the guidelines or Criminal Punishment Code, separate score-sheets must be prepared and used at sentencing. The sentencing court may impose such sentence concurrently or consecutively.
(4) The sentencing judge must review the scoresheet for accuracy and sign it.
(5) Felonies, except capital felonies, with continuing dates of enterprise are to be sentenced under the guidelines or Criminal Punishment Code in effect on the beginning date of the criminal activity.
(6) “Conviction” means a determination of guilt that is the result of a plea or trial, regardless of whether adjudication is withheld.
(7) “Primary offense” means the offense at conviction pending before the court for sentencing for which the total sentence points recommend a sanction that is as severe as, or more severe than, the sanction recommended for any other offense committed by the offender and pending before the court at sentencing. Only one count of one offense before the court for sentencing shall be classified as the primary offense.
(8) “Additional offense” means any offense other than the primary offense for which an offender is convicted and which is pending before the court for sentencing at the time of the primary offense.
(9) “Victim injury” is scored for physical injury or death suffered by a person as a direct result of any offense pending before the court for sentencing. Except as otherwise provided by law, the sexual penetration and sexual contact points will be scored as follows. Sexual penetration points are scored if an offense pending before the court for sentencing involves sexual penetration. Sexual contact points are scored if an offense pending before the court for sentencing involves sexual contact, but no penetration. If the victim of an offense involving sexual penetration or sexual contact without penetration suffers any physical injury as a direct result of an offense pending before the court for sentencing, that physical injury must be scored in addition to any points scored for the sexual contact or sexual penetration.
*267 Victim injury must be scored for each victim physically injured and for each offense resulting in physical injury whether there are one or more victims. However, victim injury must not be scored for an offense for which the offender has not been convicted.
Victim injury resulting from one or more capital offenses before the court for sentencing must not be included upon any score-sheet prepared for non-capital offenses also pending before the court for sentencing. This does not prohibit the scoring of victim injury as a result of the non-capital offense or offenses before the court for sentencing.
(10) Unless specifically provided otherwise by statute, attempts, conspiracies, and solicitations must be indicated in the space provided on the Criminal Punishment Code score-sheet and must be scored at one severity level below the completed offense.
Attempts, solicitations, and conspiracies of third-degree felonies located in offense severity levels 1 and 2 must be scored as misdemeanors. Attempts, solicitations, and conspiracies of third-degree felonies located in offense severity levels 3, 4, 5, 6, 7, 8, 9, and 10 must be scored as felonies one offense level beneath the incomplete or inchoate offense.
(11) An increase in offense severity level may result from a reclassification of felony degrees pursuant to sections 775.0845, 775.087, 775.0875, or. 794.023. Any such increase must be indicated in the space provided on the Criminal Punishment Code score-sheet.
(12) A single assessment of thirty prior serious felony points is added if the offender has a primary offense or any additional offense ranked in level 8, 9, or 10 and one or more prior serious felonies. A “prior serious felony” is an offense in the offender’s prior record ranked in level 8, 9, or 10 and for which the offender is serving a sentence of confinement, supervision or other sanction or for which the offender’s date of release from confinement, supervision, or other sanction, whichever is later, is within 3 years before the date the primary offense or any additional offenses were committed. Out of state convictions wherein the analogous or parallel Florida offenses are located in offense severity level 8, 9, or 10 must be considered prior serious felonies.
(13) If the offender has one or more prior capital felonies, points must be added to the subtotal sentence points of the offender equal to twice the number of points the offender receives for the primary offense and any additional offense. Out-of-state convictions wherein the analogous or parallel Florida offenses are capital offenses must be considered capital offenses for purposes of operation of this section.
(14) “Prior record” refers to any conviction for an offense committed by the offender prior to the commission of the primary offense. Prior record includes convictions for offenses committed by the offender as an adult or as a juvenile, convictions by federal, out of state, military, or foreign courts and convictions for violations of county or municipal ordinances that incorporate by reference a penalty under state law. Federal, out of state, military or foreign convictions are scored at the severity level at which the analogous or parallel Florida crime is located.
(A) Convictions for offenses committed more than 10 years prior to the date of the commission of the primary offense must not be scored as prior record if the offender has not been convicted of any other crime for a period of 10 consecutive years from the most recent date of release from confinement, supervision, or other sanction, whichever is later, to the date of the commission of the primary offense.
(B) Juvenile dispositions of offenses committed by the offender within 3 years prior to the date of the commission of the primary offense must be scored as prior record if the offense would have been a crime if committed by an adult. Juvenile dispositions of sexual offenses committed by the offender more than 3 years prior to the date of the primary offense must be scored as prior record if the offender has not maintained a conviction-free record, either as an adult or as a juvenile, for a period of 3 consecutive years from the most recent date of release from confinement, supervi *268 sion, or sanction, whichever is later, to the date of commission of the primary offense.
(C) Entries in criminal histories that show no disposition, disposition unknown, arrest only, or a disposition other than conviction must not be scored. Criminal history records expunged or sealed under section 943.058, Florida Statutes, or other provisions of law, including former sections 893.14 and 901.33, Florida Statutes, must be scored as prior record where the offender whose record has been expunged or sealed is before the court for sentencing.
(D) Any uncertainty in the scoring of the offender’s prior record must be resolved in favor of the offender and disagreement as to the propriety of scoring specific entries in the prior record must be resolved by the sentencing judge.
(E) When unable to determine whether the conviction to be scored as prior record is a felony or a misdemeanor, the conviction must be scored as a misdemeanor. When the degree of felony is ambiguous or the severity level cannot be determined, the conviction must be scored at severity level 1.
(15)“Legal status points” are assessed when an offender:
(A) Escapes from incarceration;
(B) Flees to avoid prosecution;
(C) Fails to appear for a criminal proceeding;
(D) Violates any condition of a supersede-as bond;
(E) Is incarcerated;
(F) Is under any form of a pretrial intervention or diversion program; or
(G) Is under any form of court-imposed or post-prison release community supervision and commits an offense that results in conviction. Legal status violations receive a score of 4 sentence points and are scored when the offense committed while under legal status is before the court for sentencing. Points for a legal status violation must only be assessed once regardless of the existence of more than one form of legal status at the time an offense is committed or the number of offenses committed while under any form of legal status.
(16) Community sanction violation points occur when the offender is found to have violated a condition of:
(A) Probation;
(B) Community Control; or
(C) Pretrial intervention or diversion.
Community sanction violation points are assessed when a community sanction violation is before the court for sentencing. Six community sanction violation points must be assessed for each violation or if the violation results from a new felony conviction, 12 community sanction violation points must be assessed. Where there are multiple violations, points may be assessed only for each successive violation that follows a continuation of supervision, or modification or revocation of the community sanction before the court for sentencing and are not to be assessed for violation of several conditions of a single community sanction. Multiple counts of community sanction violations before the sentencing court may not be the basis for multiplying the assessment of community sanction violation points.
(17) Possession of a firearm, semiautomatic firearm, or a machine gun during the commission or attempt to commit a crime will result in additional sentence points. Eighteen sentence points are assessed if the offender is convicted of committing or attempting to commit any felony other than those enumerated in subsection 775.087(2) while having in his or her possession a firearm as defined in subsection 790.001(6), Florida Statutes. Twenty-five sentence points are assessed if the offender is convicted of committing or attempting to commit any felony other than those enumerated in subsection 775.087(3) while having in his or her possession a semiautomatic firearm as defined in subsection 775.087(3) or a machine gun as defined in subsection 790.001(9). Only one assessment of either 18 or 25 points can be made.
(18) “Subtotal sentence points” are the sum of the primary offense points, the total additional offense points, the total victim injury points, the total prior record points, any legal status points, community sanction points, prior serious felony points, prior capi *269 tal felony points and points for possession of a firearm or semiautomatic weapon.
(19) If the primary offense is drug trafficking under section 893.135, Florida Statutes, ranked in offense severity level 7 or 8, the subtotal sentence points may be multiplied, at the discretion of the sentencing court, by a factor of 1.5.
(20) If the primary offense is a violation of the Law Enforcement Protection Act under subsections 775.0823(2), Florida Statutes, the subtotal sentence points are multiplied by a factor of 2.5. If the primary offense is a violation of subsection 775.0823(3), (4), (5), (6), (7), or (8) the subtotal sentence points are multiplied by a factor of 2.0. If the primary offense is a violation of the Law Enforcement Protection Act under subsection 775.0823(9) or (10) or section 784.07(3), Florida Statutes, or section 775.0875(1), the subtotal sentence points are multiplied by a factor of 1.5.
(21) If the primary offense is grand theft of the third degree of a motor vehicle and the offender’s prior record includes three or more grand thefts of the third degree of a motor vehicle, the subtotal sentence points are multiplied by 1.5.
(22) If the offender is found to be a member of a criminal street gang pursuant to section 874.04, Florida Statutes, at the time of the commission of the primary offense, the subtotal sentence points are multiplied by 1.5.
(23) If the primary offense is a crime of domestic violence as defined in section 741.28, Florida Statutes, which was committed in the presence of a child under 16 years of age who is a family household member as defined in section 741.28(2) with the victim or perpetrator, the subtotal sentence points are multiplied, at the discretion of the court, by 1.5.
(24) “Total sentence points” are the subtotal sentence points or the enhanced subtotal sentence points.
(25) The lowest permissible sentence is the minimum sentence that may be imposed by the trial court, absent a valid reason for departure. The lowest permissible sentence is any nonstate prison sanction in which the total sentence points equals or is less than 44 points, unless the court determines within its discretion that a prison sentence, which may be up to the statutory máximums for the offenses committed, is appropriate. When the total sentence points exceeds 44 points, the lowest permissible sentence in prison months must be calculated by subtracting 28 points from the total sentence points and decreasing the remaining total by 25 percent. The total sentence points must be calculated only as a means of determining the lowest permissible sentence. The permissible range for sentencing must be the lowest permissible' sentence up to and including the statutory maximum, as defined in section 775.082, for the primary offense and any additional offenses before the court for sentencing. The sentencing court may impose such sentences concurrently or consecutively. However, any sentence to state prison must exceed 1 year. If the lowest permissible sentence under the Code exceeds the statutory maximum sentence as provided in section 775.082, the sentence required by the Code must be imposed. If the total sentence points are greater than or equal to 363, the court may sentence the offender to life imprisonment. The sentence imposed must be entered on the scoresheet.
(26) For those offenses having a mandatory minimum sentence, a scoresheet must be completed and the lowest permissible sentence under the Code calculated. If the lowest permissible sentence is less than the mandatory minimum sentence, the mandatory minimum sentence takes precedence. If the lowest permissible sentence exceeds the mandatory sentence, the requirements of the Criminal Punishment Code and any mandatory minimum penalties apply. Mandatory minimum sentences must be recorded on the scoresheet.
(27) Any downward departure from the lowest permissible sentence, as calculated according to the total sentence points pursuant to section 921.0024, Florida Statutes, is prohibited unless there are circumstances or factors that reasonably justify the downward departure. Circumstances or factors that can be considered include, but are not limited *270 to, those listed in subsection 921.0026(2), Florida Statutes.
(A) If a sentencing judge imposes a sentence that is below the lowest permissible sentence, it is a departure sentence and must be accompanied by a written statement by the sentencing court delineating the reasons for the departure, filed within 7 days after the date of sentencing. A written transcription of orally stated reasons for departure articulated at the time sentence was imposed is sufficient if it is filed by the court within 7 days after the date of sentencing. The sentencing judge may also list the written reasons for departure in the space provided on the Criminal Punishment Code scoresheet.
(B) The written statement delineating the reasons for departure must be made a part of the record. The written statement, if it is a separate document, must accompany the scoresheet required to be provided to the Department of Corrections pursuant to subsection 921.0024(6).
If a split sentence is imposed, the total sanction (incarceration and community control or probation) must not exceed the term provided by general law or the maximum sentence under the Criminal Punishment Code.
(28) Sentences imposed after revocation of probation or community control must be imposed pursuant to the sentencing law applicable at the time of the commission of the original offense.
Committee Note
The terms must and shall, as used in this rule, are mandatory and not permissive.
*271 [[Image here]]
*272 [[Image here]]
[[Image here]]
*273 [[Image here]]