787 So.2d 141 (2001)
Sylvester WATKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-3460.
District Court of Appeal of Florida, Second District.
April 27, 2001.
James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia E. Davenport, Assistant Attorney General, Tampa, for Appellee.
SALCINES, Judge.
This is an appeal of the denial of a motion to correct a sentencing error filed pursuant to Florida Rule of Criminal Procedure 3.800(b). Sylvester Watkins claimed that the sentence imposed by the trial court was not the "lowest permissible sentence" as required by the Criminal Punishment Code found in section 921.0024(2), Florida Statutes (1999), and *142 Florida Rule of Criminal Procedure 3.704(d)(25).[1] We agree that the trial court improperly denied Watkins' motion and reverse.
Watkins was convicted of possession of cocaine, a third-degree felony with a maximum legal sentence of 60 months' incarceration.[2] Watkins' total score was 145.6 points. In accordance with section 921.0024(2) and rule 3.704(d)(25), since the score exceeded forty-four points, the trial court deducted twenty-eight points and reduced the score to 117.6. However, the trial court did not decrease the remaining total by twenty-five percent as directed by the Code, which would have resulted in the "lowest permissible sentence" of 88.2 months.
The trial court was required by the Code to calculate the lowest permissible sentence. See In re Adoption of Florida Rules of Criminal Procedure 3.704, 3.992 to Implement the Florida Criminal Punishment Code, 721 So.2d 265, 270 (Fla. 1998) (committee note). Had the calculations been completed, Watkins' resulting sentence of 88.2 months still would have exceeded the maximum legal sentence and this "lowest permissible sentence" would have been the most severe sanction available for imposition by the trial court.[3]
Accordingly, we reverse the trial court's order denying Watkins' motion to correct a sentencing error. Upon remand, the trial court shall recalculate the sentence consistent with this opinion. The trial court shall resentence Watkins to the lowest permissible sentence under the Code, unless it wishes to impose a downward departure sentence with written reasons for such a departure.[4]
Reversed and remanded.
PATTERSON, C.J., and NORTHCUTT, J., concur.
NOTES
[1] The statute and the rule provide that if the lowest permissible sentence under the Criminal Punishment Code exceeds the statutory maximum sentence as provided in section 775.082, the sentence required by the Code must be imposed.
[2] §§ 893.13(6)(a), 775.082(3)(d), Fla. Stat. (1999). Watkins was also convicted of the misdemeanor offense of attempted trespass of a dwelling or structure. The sentence for the attempted trespass conviction was not the subject of the motion or this appeal. The offenses were committed on April 1, 1999.
[3] The supreme court noted in Maddox v. State, 760 So.2d 89, 101 n. 9 (Fla.2000), that pursuant to sections 921.001(5) and 921.0024(2), Florida Statutes, sentences in excess of the statutory maximum may now be imposed; however, "[p]rior to the enactment of these statutes, a court could not impose a guidelines sentence outside the statutory limits."

We are aware that in Butler v. State, 774 So.2d 925, 927 (Fla. 5th DCA 2001), the Fifth District certified the following question to the supreme court: "MAY A TRIAL COURT SENTENCE A DEFENDANT TO A TERM IN EXCESS OF THE STATUTORY MAXIMUM FOR AN OFFENSE COMMITTED AFTER OCTOBER 1, 1998, WHERE THE LOWEST PERMISSIBLE SENTENCE UNDER THE CODE EXCEEDS THE STATUTORY MAXIMUM?" As of the date of this opinion, the supreme court had not answered the certified question in the negative; therefore, we have relied upon the pronouncements in Maddox in reaching our decision.
[4] See § 921.00265, Fla. Stat. (1999).