PER CURIAM.
The appellant challenges the trial court’s order summarily denying his rule 3.800(a) motion, in which he alleges that his sentence is illegal because it exceeds the statutory maximum for a third-degree felony. Because the appellant’s sentence exceeds both the statutory maximum and the lowest permissible sentence under the Criminal Punishment Code, we reverse.
The appellant was convicted of aggravated assault with a firearm and sentenced to eighty-four months’ imprisonment. Aggravated assault with a firearm is a third-degree felony punishable by up to sixty months’ imprisonment. The appellant’s lowest permissible prison sentence on the Criminal Punishment Code scoresheet was 82.3 months, so section 921.0024(2), Florida Statutes (1999), authorized the trial court to impose a sentence in excess of the statutory maximum for a third-degree felony. See Butler v. State, 838 So. 2d 554 (Fla. 2003). However, section 921.0024(2) only authorizes the trial court to sentence the appellant to the lowest permissible sentence provided by the Criminal Punishment Code. Thus, the appellant should have received a sentence of 82.3 months, not eighty-four months. See Watkins v. State, 787 So.2d 141, 142 (Fla. 2d DCA 2001).
We, therefore, reverse the trial court’s order summarily denying the appellant’s motion to correct illegal sentence and remand for the trial court to resentence the appellant to the lowest permissible sentence pursuant to the Criminal Punishment Code.
REVERSED and REMANDED.
BARFIELD, BROWNING and LEWIS, JJ., CONCUR.