PER CURIAM.
 

 The defendant appeals his convictions and sentences for first degree murder with a firearm, attempted robbery with a firearm, armed burglary of a dwelling with an assault or battery, and aggravated assault with a firearm. We affirm on all issues except two concerning the defendant’s sentences.
 

 The trial court sentenced the defendant concurrently to a term of life on the first degree murder, thirty years on the attempted armed robbery, fifteen years on the aggravated assault, and to a consecutive life term on the armed burglary of a dwelling with an assault or battery. The defendant argues the trial court erred in imposing sentences in excess of the statutory maximum for the attempted robbery with a firearm and aggravated assault with a firearm charges. We agree in part.
 

 Attempted robbery with a firearm is a second degree felony, with a maximum penalty of fifteen years. § 775.082, Fla. Stat. (2005);
 
 Betty v. State,
 
 7 So.3d 586, 587 (Fla. 4th DCA 2009). However, the trial court sentenced the defendant to thir
 
 *163
 
 ty years as if the charge was a first degree felony. The State acknowledges this error. We therefore reverse this sentence and remand the case to the trial court to re-sentence the defendant on the attempted robbery with a firearm conviction.
 

 The defendant also argues that his sentence on the aggravated assault with a firearm charge of fifteen years is illegal. Aggravated assault with a firearm is a third degree felony, carrying a maximum penalty of five years. §§ 784.021(2) and 775.082(3)(d), Fla. Stat. (2005). However, because the defendant scored 15.56 years in prison on his scoresheet, the court did not err in sentencing him to fifteen years.
 
 See
 
 § 921.0024(2), Fla. Stat. (2005) (authorizing the trial court to sentence to the lowest permissible sentence);
 
 see also Daniels v. State,
 
 838 So.2d 617 (Fla. 1st DCA 2003). Nevertheless, there is a scrivener’s error on the judgment, which lists this charge as a second degree felony.
 

 For these reasons, we reverse the sentence on the attempted robbery with a firearm charge and remand the case for resentencing on this charge and for correction of the scrivener’s error in the judgment concerning the aggravated assault with a firearm charge.
 

 Reversed and Remanded.
 

 MAY, DAMOORGIAN and GERBER, JJ., concur.