# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-1031
_____

PETER M. BAPTISTE,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Joshua M. Hawkes, Judge.

May 14, 2025

PER CURIAM.

Peter Baptiste appeals from an order denying his motion to correct illegal sentence filed under Florida Rule of Criminal Procedure 3.800(a). Baptiste argues that his sentence was illegal because under the Criminal Punishment Code (CPC) scoresheet, his sentence exceeded the maximum allowed under the Florida Rule of Criminal Procedure 3.988 sentencing guidelines. Finding no error, we affirm. *See In re Adoption of Fla. Rules of Crim. Proc. 3.704 and 3.992 to Implement the Fla. Crim. Punishment Code*, 721 So. 2d 265 (Fla. 1998) (abandoning the sentencing guidelines under rule 3.988 and adopting the CPC).

Baptiste was convicted and sentenced in 2013 for armed robbery, robbery with a weapon, grand theft, assault, and

conspiracy to commit robbery with a weapon. Baptiste appealed his judgment and sentence and this court reversed, holding that the trial court erred in denying a motion to suppress. *Baptiste v. State*, 179 So. 3d 502, 504 (Fla. 1st DCA 2015). Baptiste was tried again and was convicted and sentenced for the same offenses. He appealed again, and this court affirmed his judgment and sentence. *Baptiste v. State*, 279 So. 3d 647 (Fla. 1st DCA 2019) (unpublished table decision).

This appeal is Baptiste's third attempt to collaterally attack the judgment and sentence imposed after his second trial. *See Baptiste v. State*, Case No. 1D2021-0582 (granting motion to voluntarily dismiss appeal from order denying motion to correct illegal sentence); *Baptiste v. State*, 379 So. 3d 498 (Fla. 1st DCA 2024) (affirming order denying motion for postconviction relief).

The court finds that this appeal is frivolous and refers Baptiste to the Department of Corrections for sanctions. *See* § 944.279(1), Fla. Stat. (2023) ("A prisoner who is found by a court to have brought a frivolous or malicious suit, action, claim, proceeding, or appeal . . . is subject to disciplinary procedures pursuant to the rules of the Department of Corrections."); *Ponton v. Willis*, 172 So. 3d 574, 576 (Fla. 1st DCA 2015) (explaining that a *Spencer* order is not required before a court may refer an inmate for disciplinary action under the statute based on a frivolous filing).

The court warns Baptiste that any future filings that this court determines to be frivolous or malicious may result in the imposition of further sanctions, including a prohibition against any future pro se filings in this court. *See State v. Spencer*, 751 So. 2d 47, 49 (Fla. 1999) (holding that a court may deny a petitioner's pro se access to that court, after the petitioner fails to show cause pursuant to a show cause order, when the petitioner has filed repetitious and frivolous pleadings that diminish the court's ability to devote its finite resources to legitimate claims); *Ferris v. State*, 100 So. 3d 142, 144 (Fla. 1st DCA 2012) (Wetherell, J., concurring) ("The postconviction process and the appellate courts do not exist simply to give prisoners something to do while they serve their sentences.").

AFFIRMED.

ROWE, RAY, and WINOKUR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Peter M. Baptiste, pro se, Appellant.

James Uthmeier, Attorney General, Tallahassee, for Appellee.