PARKER, Judge.
We affirm Maria Guerra’s conviction for murder in the second degree with a weapon, concluding that the giving of the flight instruction was harmless error. See Power v. State, 605 So.2d 856 (Fla.1992). However, sentencing errors require that we remand this case to the trial court for resentencing.
Guerra contends that the trial court erred in imposing a departure sentence based on excessive physical trauma. She argues that excessive physical trauma is an invalid departure reason under the facts of this case. In State v. Mischler, 488 So.2d 523 (Fla.1986), the supreme court held that the court cannot base departure on an inherent component of the crime. In Mischler, the court dealt with the crime of grand theft, specifically embezzlement. Subsequently, the supreme court clarified its reasoning, in State v. Rousseau, 509 So.2d 281 (Fla.1987), by holding that the trial court cannot justify departure on trauma resulting from a crime when it is the same trauma suffered by all victims of that particular crime.
In the instant case, death is the ultimate trauma suffered by all second-degree murder victims. The events of the victim’s death, while unfortunate, were not extraordinary in that the victim died from one quick stab to the heart. Accordingly, we are compelled to remand for resentencing within the guidelines.
DANAHY, A.C.J., and BLUE, J., concur.