PER CURIAM.
Kenneth Moye was sentenced as an habitual offender after being convicted of attempted first degree murder. .Count I of the amended information alleged that Moye personally possessed a firearm and shot at the victim with a gun. The jury found Moye guilty of that charge.
Since Moye was both charged with and found guilty of perpetrating the crime with the use of a gun, the trial court was required by the language of section 775.087, Florida Statutes (1993), to reclassify this conviction of a first degree felony to a life felony. Walker v. State, 639 So.2d 1030 (Fla. 2d DCA 1994). Reclassification is mandatory. See Kio v. State, 624 So.2d 744 (Fla. 1st DCA 1993), rev. denied, 634 So.2d 627 (Fla.1994).
Reclassification of the conviction for first degree attempted murder with a firearm to a life felony does not make Moye eligible to be sentenced as an habitual offender. Lamont v. State, 610 So.2d 435 (Fla.1992). This anomaly has since been corrected by the legislature, but the amendment is not applicable to Moye’s conviction.[1] We affirm the judgment of conviction but vacate the sentence for Count I and remand for resentencing.
REVERSED IN PART; REMANDED.
PETERSON, C.J., and COBB and ANTOON, JJ., concur.

. Compare § 775.084(4)(a)(l), Fla. Stat. (1995) with § 775.084(4)(b)(l), Fla. Stat. (1993) and La-montv. State, 610 So.2d 435 (Fla.1992).