FULMER, Judge.
The defendant, Lester J. Mathis, appeals his convictions for attempted second degree murder of a law enforcement officer, battery of a law enforcement officer and resisting an officer with violence. The defendant was also charged with possession of a firearm by a convicted felon. He pleaded guilty to this offense and does not appeal this conviction. We find merit only in the defendant’s challenge to his conviction for attempted second degree murder of a law enforcement officer. In all other respects, we affirm without comment.
The verdict form reflects that the jury found the defendant guilty of attempted second degree murder of a law enforcement officer and further found that he used a firearm. The trial court adjudicated the defendant guilty and sentenced him to life imprisonment, with a twenty-five year mandatory minimum term.
At the time the defendant was sentenced, sections 784.07(3) and 775.0825, Florida Statutes (1991), provided that the offense of attempted murder of a law enforcement officer be classified as a life felony, subject to a *1033 twenty-five year minimum term. As the state concedes, the supreme court recently held that these two statutes apply only to attempted first degree murder. See State v. Iacovone, 660 So.2d 1371, 1374 (Fla.1995); see also Steverson v. State, 677 So.2d 398, 400 (Fla. 2d DCA 1996); Iacovone v. State, 639 So.2d 1108, 1110 (Fla. 2d DCA 1994), affirmed, 660 So.2d 1371 (Fla.1995). Therefore, the defendant’s conviction for attempted second degree murder of a law enforcement officer may not be classified as a life felony. Instead, it must be reclassified as a first degree felony and he must be resentenced as follows.
Pursuant to sections 782.04(2) and 777.04(4)(b), Florida Statutes (1991), attempted second degree murder is a second degree felony. Because the jury verdict includes a finding that the defendant used a firearm, the offense is reclassified from a second degree to a first degree feíony and the trial court is required to impose a three-year mandatory minimum term. See § 775.087, Fla. Stat. (1991). The trial court must resentenee the defendant on all four convictions based upon a recalculated sentencing guidelines seoresheet.
Affirmed in part, reversed in part and remanded.
BLUE, A.C.J., and QUINCE, J., concur.