PER CURIAM.
Maria Antoinette Guerra challenges the trial court’s denial of her motion filed pursuant to Florida Rule of Criminal Procedure 8.850 asserting that her sentence of twenty-two years followed by life probation for second-degree murder exceeds the statutory maximum. Because ambiguity in the documents appended to the order prevents us from resolving the problem, we remand to the trial court to reevaluate the claim in light of the ambiguity which exists regarding the classification of the crime for which Guerra stands convicted.
In 1991 Guerra was convicted of second-degree murder and the judgment entered at that time reflects a conviction for a first-degree felony. Second-degree murder is a first-degree felony punishable by life. § 782.04(2), Fla. Stat. (1989). If the charging document and the jury verdict determined that this homicide had been committed with a weapon, the proper classification of her offense would be a life felony. § 775.087(l)(a), Fla. Stat. (1989). On direct appeal from her conviction, this court determined that Guerra had been given an illegal sentence, and the matter was remanded for new sentencing. See Guerra v. State, 626 So.2d 706 (Fla. 2d DCA 1993). The amended judgment entered at this resentencing hearing reflects a conviction for a life felony. The newly imposed sentence of twenty-two years followed by probation for life is legal if Guerra has been convicted of a first-degree felony punishable by life, but it exceeds the statutory maximum if imposed for the more serious life felony. Stephens v. State, 627 So.2d 543 (Fla. 2d DCA 1993); Wilson v. State, 622 So.2d 529 (Fla. 2d DCA 1993).
Adding to the confusion is a sentence in our opinion in Guerra that she had been convicted of second-degree murder with a weapon, which would constitute a life felony, while the initial judgment being reviewed at that time denoted her offense as a first-degree felony. Without the benefit of the charging instrument and the jury verdict form, we are unable to determine the proper classification of Guerra’s crime, and hence the legality of her sentence which is the subject of this review. Accordingly, we reverse and remand to enable the trial judge to examine the circuit court record, clear up this ambiguity, enter a second amended judgment as may be necessary, and then reevaluate the substance of Guerra’s claim after ascertaining the degree of felony for which she stands convicted.
Reversed and remanded.
PARKER, A.C.J., and ALTENBERND and QUINCE, JJ., concur.