704 So.2d 1068 (1997)
Wade CARTER, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2235.
District Court of Appeal of Florida, Fifth District.
December 19, 1997.
Rehearing Denied February 6, 1998.
*1069 Wade Carter, Daytona Beach, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Roberta J. Tylke, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, Chief Judge.
Appellant seeks review of the summary denial of his Rule 3.800(a) motion. In 1986, Appellant was tried and convicted of second degree murder with a deadly weapon, attempted second degree murder with a deadly weapon and battery. A written order of upward departure was entered, and he was sentenced as a habitual felony offender to forty years for count I, thirty years for count II and one year as to count III, all to be served concurrently. Defendant appealed the judgment and sentences, and this court affirmed. See Carter v. State, 510 So.2d 930 (Fla. 5th DCA), rev. denied, 519 So.2d 986 (Fla.1987). A Rule 3.800(a) motion was filed and denied and this court per curiam affirmed the denial. See Carter v. State, 551 So.2d 475 (Fla. 5th DCA 1989). Defendant also filed a Rule 3.850 motion which was denied, and this court affirmed. See Carter v. State, 559 So.2d 1151 (Fla. 5th DCA 1990). A habeas corpus petition seeking a belated appeal was also denied. See Carter v. State, Case No. 90-608 (Fla. 5th DCA June 4, 1990).
In the present Rule 3.800(a) motion, defendant claims that because of the use of a deadly weapon, the second degree murder conviction constitutes a life felony which cannot be habitualized. Defendant requests that he be given a guidelines sentence.
The lower court denied defendant's motion without a hearing. The court attached a copy of this court's opinion in the direct appeal affirming defendant's sentence and noted that defendant had filed numerous motions for collateral relief, at least three of which claimed that the trial court erred in sentencing defendant as a habitual felony offender. The court concluded that defendant's claim that his habitual felony offender sentence is illegal had previously been heard and denied. In addition, the court found that defendant did not demonstrate that his sentence was illegal because it did not exceed the statutory maximum, citing to section 775.084(4), Florida Statutes (1985).
Upon our review of the prior proceedings, it appears that, although defendant has challenged his habitual offender sentence in prior postconviction motions, he has not done so on the grounds raised in his current motion. This court has held that new grounds may be raised in successive Rule 3.800(a) motions so long as they qualify under the rule. Raley v. State, 675 So.2d 170 (Fla. 5th DCA 1996). We, thus, consider whether he is entitled to relief under Rule 3.800(a).
Second degree murder is, and was at the relevant time, a felony of the first degree punishable by imprisonment for a term of *1070 years not exceeding life. § 782.04(2), (3), Fla. Stat. (1985). A first degree felony is reclassified to a life felony when a weapon is carried, displayed or used by the perpetrator. § 775.087(1)(a), Fla. Stat. (1985). The judgment in this case indicates that defendant was convicted of a first degree felony, yet the judgment also lists the crime as second degree murder with a weapon and identifies the offense statute as section 775.087. Therefore, it appears that defendant was convicted of second degree murder with a weapon, a life felony. The state concedes that this is the case.
This court recently affirmed that reclassification of a conviction to a life felony makes a defendant ineligible for sentencing as an habitual felony offender. See Moye v. State, 683 So.2d 624 (Fla. 5th DCA 1996). See also Mason v. State, 665 So.2d 328 (Fla. 5th DCA 1995); Johnson v. State, 664 So.2d 36 (Fla. 5th DCA 1995). In Lamont v. State, 610 So.2d 435 (Fla.1992), the supreme court agreed with the majority of the district courts who had so held. The state again concedes this point, but nonetheless argues that defendant is not entitled to relief.
First, the state points out that the departure from the guidelines has been considered and affirmed on appeal and is not subject to attack. Carter plainly is not entitled to a guidelines sentence. The only remaining issue is whether, on this one count only, he was not subject to habitualization. The Supreme Court of Florida has held that an illegal sentence which can be corrected by Rule 3.800(a) is a sentence which exceeds the maximum allowed by law. See King v. State, 681 So.2d 1136 (Fla.1996); Davis v. State, 661 So.2d 1193 (Fla.1995); State v. Callaway, 658 So.2d 983 (Fla.1995). Appellant's forty year sentence is legal because it does not exceed the statutory maximum term for a life felony. Section 775.082(3)(a)2, Fla. Stat. As defendant was sentenced to forty years, albeit as an habitual felony offender, it appears that under the supreme court's definition of an illegal sentence, the state is correct.
Defendant had ample opportunity to raise the habitualization issue but failed to do so before the supreme court's decisions explaining the scope of review under Rule 3.800(a). The earliest case holding that a sentence for a life felony could not be habitualized appears to be Hall v. State, 510 So.2d 979 (Fla. 1st DCA 1987), rev. denied, 519 So.2d 987 (Fla.1988). This court agreed in Tucker v. State, 576 So.2d 931 (Fla. 5th DCA 1991), approved, 595 So.2d 956 (Fla.1992). Davis and Callaway were not decided until 1995, so defendant had a minimum of three years in which he could arguably have raised this issue in a Rule 3.800(a) motion. Under the present case law, however, improper habitualization is not remediable under Rule 3.800(a) as long as the sentence imposed is within the statutory maximum for the offense.
AFFIRMED.
HARRIS and ANTOON, JJ., concur.