716 So.2d 280 (1998)
Frederick Dewayne YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 98-01353.
District Court of Appeal of Florida, Second District.
July 1, 1998.
Rehearing Denied August 20, 1998.
*281 PER CURIAM.
Frederick D. Young challenges the trial court's rejection of his claim raised pursuant to Florida Rule of Criminal Procedure 3.800 that on two counts of which he stands convicted he has been improperly treated as a habitual violent offender. He is, in part, correct, and accordingly we reverse.
Young's judgment reflects convictions for second-degree murder with a firearm, attempted second-degree murder with a firearm, and burglary of a dwelling with an assault. He claims that the judgment's denomination of the homicide conviction improperly identifies the offense as a firstdegree felony punishable by life while, in fact, the conviction represents the more serious grade of offense, a life felony. He is correct and as a consequence that habitual offender sentence will require correction. Young was sentenced in 1994 so the interplay of section 924.051(4), Florida Statutes (Supp. 1996), and Florida Rule of Criminal Procedure 3.800(b) do not apply as they did in Middleton v. State, 689 So.2d 304 (Fla. 1st DCA 1997), and this court's application of those principles to motions to correct illegal sentence in Chojnowski v. State, 705 So.2d 915 (Fla. 2d DCA 1997).
Young's conviction for burglary of a dwelling with an assault is accurately referred to in the judgment as a first-degree felony punishable by life, and is accordingly subject to habitual treatment. See Burdick v. State, 594 So.2d 267 (Fla.1992). That aspect of the trial court's order is affirmed.
Convictions for life felonies are not subject to habitual violent offender treatment under section 775.084(4), Florida Statutes (1989).[1]See Lamont v. State, 610 So.2d 435 (Fla.1992). Second-degree murder with a firearm (or weapon) constitutes a life felony. See §§ 775.087(1)(a), 782.04(2) and (3), Fla. Stat. (1989); Guerra v. State, 695 So.2d 849 (Fla. 2d DCA 1997); Munro v. State, 662 So.2d 1345 (Fla. 2d DCA 1995); Peters v. State, 658 So.2d 1175 (Fla. 2d DCA 1995). Provided the charging instrument which we do not have in our record properly charged the firearm or weapon, the judgment in this case mistakenly concludes that this homicide is a first-degree felony punishable by life.
Young's conviction for second-degree murder with a firearm did not qualify for *282 habitual offender treatment under the version of the statute applicable to him at that time. A habitual offender sentence is illegal for purposes of a motion to correct an illegal sentence if the terms or conditions of the punishment for a particular offense are impermissible as a matter of law. See Judge v. State, 596 So.2d 73, 77 (Fla. 2d DCA 1991); see also Nathan v. State, 689 So.2d 1150 (Fla. 2d DCA 1997) (holding that incorrect determination that life felony was a first-degree felony punishable by life, resulting in improper habitual offender sentence, was subject to correction in a rule 3.800 proceeding). We direct the trial court to resentence Young on the charge of second-degree murder with a firearm to a non-habitual sentence provided the charging document adequately alleges the life felony for which the jury verdict form reflects he was convicted.
The Fifth District in analogous circumstances has recently denied collateral relief because the claimant did not, and could not, assert that his improper habitual sentence exceeded the statutory maximum for the offense. See Carter v. State, 704 So.2d 1068 (Fla. 5th DCA 1997). Our reading of Carter persuades us that the long procedural history of Carter's conviction played as large a role in denying him relief as the Fifth District's strict interpretation of illegal sentences in Davis v. State, 661 So.2d 1193 (Fla.1995). In any event, the supreme court has recently rejected the singular view that rule 3.800 relief is available only to those whose sentences exceed the statutory maximum. See State v. Mancino, 714 So.2d 429 (Fla.1998). To the extent that we hold that a habitual offender sentence for a conviction which does not qualify for habitual offender treatment is illegal and subject to correction in a rule 3.800 proceeding, we certify conflict with Carter.
Finally, we note that the judgment incorrectly classifies Young's conviction for attempted second-degree murder with a firearm as a second-degree felony, while it is, in fact, a first-degree felony. See Mathis v. State, 693 So.2d 1032 (Fla. 2d DCA 1997); Goutier v. State, 692 So.2d 978 (Fla. 2d DCA 1997).
Affirmed in part, reversed in part, and remanded.
CAMPBELL, A.C.J., and FULMER and GREEN, JJ., concur.
NOTES
[1] Life felonies did not become eligible for habitual offender treatment until October 1, 1995. See Nathan v. State, 689 So. 1150, 1152 n. 4 (Fla. 2d DCA 1997).