PER CURIAM.
Joseph Wendell Redd appeals an order denying his motion filed under Florida Rule of Criminal Procedure 3.800(a) to correct an illegal sentence. Only one of the four grounds raised has merit.
In considering Redd’s motion, the trial court acknowledged that at the time Redd was sentenced, it was improper to impose a habitual sentence for a life felony. The court, nonetheless, concluded that Redd was not entitled to relief because improper habitualization for a life felony is not subject to a post-conviction remedy as long as the sentence imposed is within the statutory maximum for the offense. See Carter v. State, 704 So.2d 1068 (Fla. 5th DCA 1997).
However, the 45 year sentences imposed in the instant case exceeded the statutory maximum. The statutory maximum for a life felony at the time Redd committed his offenses in 1989 was either life or a term of years not exceeding 40 years. Thus, appellant’s sentences of 45 years for his life felonies are vacated. On remand, we direct the trial court to determine which of Redd’s offenses constituted life felonies committed during the time the 40 year maximum applied and to re-sentence accordingly. We further note that the attachments to the court’s order did not include copies of the written judgments and sentences as required. See Bunch v. State, 622 So.2d 525 (Fla. 5th DCA 1993).
SENTENCES VACATED; REMANDED.
DAUKSCH, COBB and PETERSON, JJ., concur.