747 So.2d 987 (1999)
Timothy V. SUMMERS, Appellant,
v.
STATE of Florida, Appellee.
No. 99-2287.
District Court of Appeal of Florida, Fifth District.
November 19, 1999.
*988 Timothy J. Summers, Madison, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Alfred Washington, Jr., Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, C.J.
In this 3.850 appeal, only one issue merits discussion. That is whether Mr. Summers' December 16, 1996, sentence for second-degree murder with a firearm was legal. We conclude that the sentence was not legal because he was improperly sentenced as an habitual offender. We reverse on that ground but affirm as to other grounds raised in the motion.
The second-degree murder conviction was reclassified as a life felony based on the special jury verdict finding that Mr. Summers used a firearm in the commission of the crime. See section 775.087(1), Fla. Stat. (1999). At the December 16, 1996, sentencing the trial court also determined that Mr. Summers was an habitual offender and sentenced him accordingly. See section 775.084, Fla. Stat. (1999). He was sentenced to forty years' incarceration, with a three-year minimum mandatory term for use of the firearm. In his 3.850 motion, Mr. Summers claims he was improperly sentenced for the second-degree murder conviction because at the time he committed the murder in January of 1994, life felonies were not subject to enhanced sentences under the habitual offender statute. See section 775.084(4)(a), Fla. Stat. (1993). It was not until 1995 that the legislature amended section 775.084 to include life felonies as crimes for which habitual offender sentences may be imposed. See Chapter 95-182, Laws of Florida, effective October 1, 1995. Thus, the habitual offender classification for the life felony resulted in an illegal sentence in this case because the date of the offense preceded the amendment.
In a 3.800(a) appeal involving an habitual offender issue, the Second District Court of Appeal characterized an habitual offender sentence as being illegal if it exceeds the enhanced statutory maximum penalty or a prior offense necessary to adjudicate the defendant as an habitual offender does not actually exist. See Judge v. State, 596 So.2d 73 (Fla. 2d DCA 1991), rev. denied, 613 So.2d 5 (Fla.1992). Likewise, an habitual offender sentence imposed for a felony which does not qualify for habitual offender treatment is illegal because under the law the court could not have imposed it in any circumstance.
In Carter v. State, 704 So.2d 1068 (Fla. 5th DCA 1997), this court held that an improper habitual offender adjudication could not be challenged under a 3.800(a) appeal unless the sentence exceeded the *989 enhanced statutory maximum penalty. However, our Carter opinion was issued prior to State v. Mancino, 714 So.2d 429 (Fla.1998), which expanded the remedy of Rule 3.800(a) to include jail credit issues where an error is clear on the face of the record. In Carter, this court was following former precedent which held that only a sentence that exceeds the statutory maximum may be corrected pursuant to Rule 3.800(a). However, if the supreme court allows a jail credit error apparent from the record to be corrected under Rule 3.800(a), surely an improper habitual offender classification, also apparent from the record, could and should be remedied under Rule 3.800(a) or Rule 3.850.
In denying relief the trial court noted that Mr. Summers' 3.850 motion was successive and filed beyond the rule's two-year limitation period. See Fla. R.Crim. P. 3.850(b). Moreover, the sentencing issue in ground four was framed as an ineffective assistance of counsel claim. However, under Rule 3.850, a motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. Although defendant's 3.850 motion was inartfully drafted to allege ineffective assistance of counsel, he clearly established an illegal sentence which must be corrected. See Hayes v. State, 598 So.2d 135 (Fla. 5th DCA 1992); Yates v. State, 509 So.2d 1249 (Fla. 5th DCA 1987).
We reverse and remand for the trial court to resentence defendant on the second degree murder conviction. As to the other grounds raised in the 3.850 motion, the order denying relief is affirmed.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
GOSHORN and HARRIS, J.J., concur.