THOMPSON, J.,
Wade Carter appeals from an order which summarily denied his Rule 3.800(a) motion which asserted that the trial court erred in not awarding proper jail time credit on all of his concurrent sentences.
Carter has unsuccessfully challenged his convictions and sentences numerous times before.[1] Currently, Carter has an appeal pending before the Florida Supreme Court. Carter v. State, Case No. 99,501. In that case, he appeals this court’s decision, Carter v. State, 704 So.2d 1068 (Fla. 5th DCA 1997), which affirmed his sentence as an habitual offender. We held that a Rule 3.800(a) motion cannot be used to contest an improper habitualization. We recognize that this decision has been abrogated. See Summers v. State, 747 So.2d 987 (Fla. 5th DCA 1999).
Because Carter’s sentences are currently under review by the Florida Supreme Court, we hold that Carter must wait until the court rules on the legality of his sentences in the earlier proceedings. Therefore, we affirm the appealed order without prejudice to refile his motion in the trial court when the supreme court rules on his earlier 3.800 challenge.
AFFIRMED.
COBB and HARRIS, JJ., concur.

. See Carter v. State, 510 So.2d 930 (Fla. 5th DCA 1987), rev. denied, 519 So.2d 986 (Fla.1987) (direct appeal); Carter v. State, 551 So.2d 475 (Fla. 5 th DCA 1989) (Rule 3.800(a)); Carter v. State, Case No. 90-608 (Fla. 5th DCA June 9, 1990)(Habeas corpus petition); Carter v. State, 559 So.2d 1151 (Fla. 5th DCA 1990)(Rule 3.850).