PER CURIAM.
Frederick Dewayne Young appeals the summary denial of his motion for posteon-viction relief filed pursuant to Florida Rule of Criminal Procedure 3.800. We reverse the portion of the trial court’s order that denies Young’s claim that the life sentence for Ms second-degree murder with a firearm conviction is illegal. We affirm the balance of the order without discussion.
In Young v. State, 716 So.2d 280, 282 (Fla. 2d DCA 1998), this court directed the trial court “to resentence Young on the charge of second-degree murder with a firearm to a non-habitual sentence provided the charging document adequately alleges the life felony for which the jury verdict form reflects he was convicted.” After his resentencing, Young filed a rule 3.800 motion alleging that the sentence for his conviction for second-degree murder with a firearm is illegal. The trial court summarily denied Young’s claim, concluding that his sentence was properly enhanced from a first-degree felony to a life felony. See §§ 776.087(l)(a), 782.04(2) and (3), Fla. Stat. (1989). The trial court, however, failed to attach Young’s charging documents, and we cannot determine whether Young’s sentence was properly enhanced. See Young, 716 So.2d at 282.
Accordingly, we reverse the trial court’s order on this claim for attachment of the charging documents that support the enhancement of Young’s sentence, or alternatively, for resentencing.
Affirmed in part, reversed in part, and remanded.
THREADGILL, A.C.J., and BLUE and FULMER, JJ„ Concur.