PER CURIAM.
Appellant seeks review of the summary denial of his Motion to Correct Illegal Sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a).
In 1991, Appellant was convicted of the following offenses: Count I, Armed Kidnapping, a life felony; Count II, Sexual Battery, a life felony; Count III, Aggravated Battery, a second degree felony; and Count IV, False Imprisonment, a third degree felony. In this 3.800 action, Appellant claims his sentence was illegally enhanced to habitual offender status for Counts I and II, both of which are life felonies.
Under the law in effect at the time of the offense, a life sentence was not subject to enhanced punishment as an habitual offender. Lamont v. State, 610 So.2d 435 (Fla.1992); Nathan v. State, 689 So.2d 1150, 1152 n. 4 (Fla. 2d DCA 1997). We must, therefore, reverse and remand to the trial court with instructions to strike Appellant’s habitual violent offender status under Counts I and II. State v. Mancino, 714 So.2d 429 (Fla.1998); Carter v. State, 747 So.2d 483 (Fla. 5th DCA 2000); Summers v. State, 747 So.2d 987 (Fla. 5th DCA 1999). Appellant’s sentence under Counts III and IV is not affected by this ruling. Appellant need not be present for this action by the trial court. Suggs v. State, 681 So.2d 870 (Fla. 5th DCA 1996).
REVERSED and REMANDED.
BOOTH, LAWRENCE and DAVIS, JJ., CONCUR.