760 So.2d 226 (2000)
Alfonzo EDWARDS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-3653.
District Court of Appeal of Florida, Fifth District.
May 12, 2000.
Alfonzo Edwards, Bushnell, pro se.
No Appearance for Appellee.

ON MOTION FOR REHEARING AND CLARIFICATION
W. SHARP, J.
On consideration of defendant Alfonzo Edwards' motion for rehearing, we withdraw our previously issued opinion and substitute the following opinion:
We affirm the trial court's summary denial of Edwards' motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a), which seeks review of issues concerning the procedural correctness of the manner in which his habitual offender sentences were imposed, and their legality.
These same issues were raised in Edwards' direct appeal, or should have been, and were resolved against him. Edwards v. State, 712 So.2d 407 (Fla. 5th DCA 1998). These sentencing issues were raised (among others) in Edward's motion filed pursuant to Florida Rule of Criminal Procedure 3.850, and were resolved against him. This court affirmed. Edwards v. State, 743 So.2d 529 (Fla. 5th DCA 1999).
In his current rule 3.800 motion, Edwards again seeks to attack the habitualization procedure employed in his case. This issue has been raised previously and resolved against him. Edwards cannot *227 raise it again. See Medina v. State, 690 So.2d 1241 (Fla.1997); Henderson v. Singletary, 617 So.2d 313 (Fla.1993); Stroble v. State, 689 So.2d 1089 (Fla. 5th DCA 1997); Beauford v. State, 689 So.2d 320 (Fla. 5th DCA 1997); Raley v. State, 675 So.2d 170, 173-74 (Fla. 5th DCA 1996).
As for the merits of Edwards' claim, he asserts that he is entitled to relief under Summers v. State, 747 So.2d 987 (Fla. 5th DCA 1999), which interpreted the effect of State v. Mancino, 714 So.2d 429, 433 (Fla. 1998) upon improper habitualization claims. However, he is wrong because under Summers a mere allegation of a defective habitualization process still does not constitute a claim of an "illegal" sentence.
We caution Edwards against filing more collateral proceedings regarding this case, which are improper because they are successive and repetitive. Even though the Florida Supreme Court has held that this court cannot take away gain time, Hall v. State, 752 So.2d 575 (Fla. 2000), we still have the inherent authority to ban a defendant from filing further frivolous pleadings. See In re Anderson, 511 U.S. 364, 364-366, 114 S.Ct. 1606, 128 L.Ed.2d 332 (1994); Isley v. State, 652 So.2d 409 (Fla. 5th DCA 1995); Lau v. State, 717 So.2d 574 (Fla. 5th DCA), rev. dismissed, 727 So.2d 907 (Fla.1998). See also McGillis v. Department of Children & Family Servs., 738 So.2d 1023 (Fla. 3d DCA 1999).
AFFIRMED.
PETERSON and GRIFFIN, JJ., concur.