766 So.2d 343 (2000)
Robert HOPE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-930.
District Court of Appeal of Florida, Fifth District.
June 23, 2000.
Rehearing Denied August 17, 2000.
*344 Robert Hope, Gainesville, pro se.
No Appearance for Appellee.
SAWAYA, J.
On February 10, 1994, the defendant entered a plea of guilty to several felony counts and was sentenced as an habitual felony offender on March 29, 1994. On February 14, 2000, the defendant filed a motion to correct illegal sentence pursuant to rule 3.800(a), Florida Rules of Criminal Procedure. In his motion, he specifically alleges that he was illegally sentenced because he was not served with a written Notice of Intent to Habitualize in accordance with section 775.084(3)(b), Florida Statutes (1993), prior to entering his plea.[1] The trial court denied the motion and the defendant appeals. We affirm.
The defendant argues that pursuant to State v. Mancino, 714 So.2d 429, 433 (Fla.1998), his sentence is illegal and may be corrected at any time under rule 3.800(a) because it "patently fails to comport with statutory or constitutional limitations." In Summers v. State, 747 So.2d 987 (Fla. 5th DCA 1999), this court explained how the decision in Mancino applies to appeals of habitual offender sentences pursuant to rule 3.800(a). We held in Summers that an habitual offender sentence is illegal under the following circumstances: 1) it exceeds the enhanced statutory maximum penalty; 2) a prior qualifying offense necessary to adjudicate the defendant as an habitual offender does not actually exist; or 3) an habitual offender sentence is imposed for a felony that does qualify for habitual offender treatment. We subsequently held in Edwards v. State, 760 So.2d 226 (Fla. 5th DCA 2000), that under Summers, "a mere allegation of a defective habitualization process still does not constitute a claim of an `illegal' sentence."
In the instant case, the defendant alleges he did not receive the notice required under section 775.084(3)(b) and thus challenges the procedure utilized to qualify and sentence him as an habitual offender. In accordance with our decisions in Summers and Edwards, this procedural error does not make his sentence illegal under rule 3.800(a) and may not be reviewed under that rule.
The recent decision in Maddox v. State, 760 So.2d 89 (Fla.2000) does not alter our analysis of this issue. The court in Maddox was primarily concerned with determining what unpreserved sentencing errors *345 constitute fundamental errors that may be raised for the first time on direct appeal. Although the court held that sentencing a defendant as an habitual offender could constitute fundamental error if the defendant did not qualify under the statute, the court did not address the procedural defects that may occur in imposing enhanced penalties as an habitual offender.
Moreover, the court in Maddox recognized that there are differences between illegal sentences that may be corrected under rule 3.800(a) and fundamental sentencing errors that may be raised for the first time on appeal. The court reaffirmed the principle that "whether an unpreserved sentencing error is considered a `fundamental' error for direct appeal does not equate with whether that error constitutes an illegal sentence correctable through a rule 3.800(a) motion filed at any time, even decades after the sentence became final."[2]Maddox, 760 So.2d at 100. Parenthetically we note that in making this distinction, the court cited and quoted Judge v. State, 596 So.2d 73, 77 (Fla. 2d DCA 1991), wherein the Second District held that "[t]he notice requirement for sentencing as a habitual offender is procedural and is not an aspect of the sentence reviewable under rule 3.800(a)."
AFFIRMED.
W. SHARP, and PETERSON, JJ., concur.
NOTES
[1] It is unclear from the record whether the plea agreement called for a sentence as an habitual offender and whether the defendant expected such a sentence, although he claims in his motion that he was unaware that such a sentence would be imposed. This determination would have been helpful because entering a plea as an habitual offender pursuant to a negotiated plea agreement may be considered a waiver of the notice requirement. See Harper v. State, 605 So.2d 994 (Fla. 5th DCA 1992); see also Lee v. State, 731 So.2d 71 (Fla. 2d DCA 1999).
[2] The court in Maddox further distinguished illegal sentences from fundamental sentencing errors when it noted:

However, clearly the class of errors that constitute an "illegal" sentence that can be raised for the first time in a postconviction motion decades after a sentence becomes final is a narrower class of errors than those termed "fundamental" errors that can be raised on direct appeal even though unpreserved.
760 So.2d at 100 n. 8.