W. SHARP, J.
In his appeal from the dismissal of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850, Melendez argues his motion is timely under the exception in rule 3.850(b)(3), that a motion is deemed timely if filed more than two years after a defendant’s judgment and sentence became final, if the defendant alleges he or she retained counsel to timely file a 3.850 motion and that counsel, through neglect, failed to file the motion.
In 1993, Melendez pled guilty to first degree murder, shooting a deadly missile within a building, and armed robbery. His appeal was voluntarily dismissed on December 29, 1993. His motion in this cause is untimely under the rule because the exception stated above (if retroactively applicable for purposes of argument here) has no application since Melendez failed to allege he ever retained counsel to file a rule 3.850 motion.
Melendez has filed other collateral proceedings seeking to attack his convictions, after his appeal was dismissed in December of 1993. More than two years after that date, Melendez filed a motion pursu *60 ant to rule 3.850 which was denied because it was untimely. This court affirmed. See Melendez v. State, 688 So.2d 933 (Fla. 5th DCA 1997). He also filed a petition for habeas corpus, seeking a belated appeal, which was denied by this court on June 9, 1998.[1]
We warn Melendez against filing additional successive frivolous petitions and appeals seeking to attack his convictions and sentences in this case.[2]
AFFIRMED.
HARRIS and PLEUS, JJ., concur.

. Case No. 98-1071.

. See Edwards v. State, 760 So.2d 226 (Fla. 5th DCA 2000) (court has inherent authority to bar defendant from filing successive and repetitive frivolous pleadings); Green v. State, 743 So.2d 178 (Fla. 5th DCA 1999) (filing of further frivolous appeals will result in rule to show cause why defendant should not be denied further access to court). See also Bradley v. State, 703 So.2d 1176 (Fla. 5th DCA 1997), and cases cited therein (defendant filing repetitive pleadings has no concept of “one bite at the apple” or "enough is enough”).