810 So.2d 539 (2002)
Joseph R. PAYTON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-3880.
District Court of Appeal of Florida, Fifth District.
February 8, 2002.
Rehearing Denied March 14, 2002.
Joseph R. Payton, Lawtey, pro se.
No Appearance for Appellee.
SHARP, W., J.
Payton appeals from the summary denial of his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Payton raised some issues which do not relate to his sentence and are successive, because Payton previously *540 filed a 3.850 motion. We find the balance of Payton's claims refuted by the record and without merit.
First, Payton asserts that the state failed to provide proper notice of its intent to seek habitual felony offender penalties. This is a procedural issue which should have been raised on direct appeal, and is not the kind of error which alone produces an illegal sentence. See Hope v. State, 766 So.2d 343 (Fla. 5th DCA 2000). The record includes the previous order adjudicating Payton as a habitual felony offender. That order with its attachments shows that the proper findings were made, including that Payton was convicted of two or more prior felonies and that one did not relate to the purchase or possession of a controlled substance. See § 775.084(1)(a), Fla. Stat. (2001).
Payton also claims that the court illegally departed upwards from the sentencing guidelines. He was sentenced as an habitual offender for sale of cocaine, so that sentence was independent of the sentencing guidelines. See § 775.084(4)(h), Fla. Stat. (2001). He was also convicted of possession of cocaine and received a guidelines sentence for that offense. The trial court attached a copy of the sentencing scoresheet to the order denying relief, which indicates Payton's 22 month sentence for possession of cocaine was within the guidelines range of 13.3 months to 22.2 months incarceration. There was no departure from the guidelines.
AFFIRMED.
HARRIS and PLEUS, JJ., concur.