810 So.2d 1019 (2002)
Antoine L. McBRIDE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-2797.
District Court of Appeal of Florida, Fifth District.
March 8, 2002.
*1020 Antoine L. McBride, Arcadia, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
Antoine L. McBride appeals the denial of his motion to correct an illegal sentence filed pursuant to Rule 3.800(a), Florida Rules of Criminal Procedure. He raises three grounds for reversal. Of these, the only ground that has merit is his contention that he was illegally sentenced as a habitual felony offender for the life felony of attempted first degree murder. We agree and reverse for resentencing on that charge. The denial of his motion relating to the sentences imposed for his other charges is affirmed.

Factual And Procedural Background
Pursuant to a plea agreement, McBride entered a plea of nolo contendere to attempted first degree murder with a firearm, possession of a firearm by a convicted felon, and robbery with a firearm. He was sentenced as a habitual felony offender to concurrent terms of thirty years in prison on each charge.
The record reflects that McBride committed the offense of attempted first degree murder, which is a life felony, on May 26, 1990. This date is significant *1021 because the habitual felony offender statute in effect at that time did not include life felonies within the offenses that qualified for an enhanced sentence under the statute. Lamont v. State, 610 So.2d 435 (Fla.1992); Moye v. State, 683 So.2d 624 (Fla. 5th DCA 1996). The statute has since been amended to include life felonies as qualifying offenses,[1] and the courts have consistently held that individuals who committed life felonies prior to the effective date of the amendment did not qualify for an enhanced sentence as a habitual felony offender because the statute at that time did not specify life felonies as a qualifying offense. Carter v. State, 786 So.2d 1173 (Fla.2001) (holding that habitual offender sentence may be corrected as an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a) when the habitual offender statute in effect at the time of the defendant's offense did not permit habitualization for life felonies.); State v. Knickerbocker, 616 So.2d 33 (Fla.1993); Weford v. State, 784 So.2d 1222 (Fla. 3d DCA 2001); Moye.
McBride alleges in the motion under review, which was filed in the circuit court on January 16, 2001, that his sentence as a habitual felony offender for the attempted first degree murder charge is illegal. The State concedes that the trial court committed error in imposing a habitual felony offender sentence on McBride for a life felony conviction stemming from an offense committed in 1990. The State contends, however, that McBride raised this same issue in a prior motion filed in the circuit court on June 7, 2000. The State argues that because the trial court denied that prior motion and McBride did not avail himself of his right to appeal that order, he may not file a successive motion raising the same issue. The trial court agreed with the State and denied McBride's motion as successive.[2]
Rule 3.800(a) does not expressly prohibit successive motions. See Barnes v. State, 661 So.2d 71 (Fla. 2d DCA 1995). However, this court has previously held that successive Rule 3.800(a) motions may be barred by the law of the case doctrine. See Kelly v. State, 739 So.2d 1164 (Fla. 5th DCA 1999). Thus, the issue we must resolve is whether the law of the case doctrine applies to prohibit consideration by *1022 this court of the specific issue raised in McBride's motion. If the law of the case doctrine does not apply, McBride is entitled to relief from his sentence as a habitual offender for the life felony.

The Law Of The Case Doctrine
The Florida Supreme Court, in Florida Department of Transportation v. Juliano, 801 So.2d 101 (Fla.2001), undertook the task of explaining and clarifying the doctrine of the law of the case, noting that it had evolved into "a misunderstood doctrine for which there is an irreconcilable conflict in Florida law." Id. at 106 (quoting Raymond T. Elligett, Jr., & Charles P. Schropp, Law of the Case, Fla. B.J. July-Aug.1985, at 23, 23) (footnote omitted). The supreme court explained that the doctrine applies to successive appeals taken in the same case. "The doctrine of the law of the case requires that questions of law actually decided on appeal must govern the case in the same court and the trial court, through all subsequent stages of the proceedings." Id. at 105 (citing Greene v. Massey, 384 So.2d 24 (Fla.1980)). Hence, trial courts must follow the prior rulings of the appellate court, provided the facts presented in the prior appeal continue to be the facts of the case. Id.
The court in Juliano underscored the scope of the doctrinethe aspect of the doctrine that had apparently caused most of the confusionby holding that the doctrine is "limited to rulings on questions of law actually presented and considered on a former appeal." Id. at 106 (quoting United States Concrete Pipe v. Bould, 437 So.2d 1061, 1063 (Fla.1983)). The doctrine necessarily requires that the issue must have been 1) raised by a party in prior appellate proceedings in the same case; and 2) actually considered by the appellate court. An issue is actually considered by the appellate court when it has been "implicitly addressed or necessarily considered by the appellate court's decision." Id. at 106 (citations omitted).
The requirement that the issue actually be considered in prior appellate proceedings vitiates those decisions which hold that the law of the case doctrine applies to issues that could have been but were not raised in a prior appeal. See e.g., Airvac, Inc. v. Ranger Ins. Co., 330 So.2d 467 (Fla.1976), receded from in Juliano; Williams v. City of Minneola, 619 So.2d 983 (Fla. 5th DCA 1993) (citing Airvac and holding that the doctrine applies where an issue could have been, but was not previously raised), disapproved of in Juliano.
Thus, the law of the case doctrine does not apply if the prior appeal was decided on procedural grounds. See Kelly. Moreover, if the appellate court in the previous appeal rendered a per curiam affirmance, an affirmance with a cite to a specific case, or otherwise did not explain its decision, the appellate court in a subsequent appeal is not bound by the law of the case doctrine "unless a determination concerning the propriety of the trial court's order is necessarily inconsistent with every possible correct basis for the earlier rulings of the appellate court." Juliano, 801 So.2d at 108. We now apply this doctrine, as clarified, to the facts and procedural background in this case to determine whether it applies to the specific issue raised in these proceedings.[3]

*1023 Legal Analysis
McBride raised the illegality of his habitual offender sentence for the life felony conviction in the motion he filed in 2000. However, the denial of that motion by the trial court was never appealed by McBride. Therefore, this court has not addressed that specific aspect of McBride's sentence. Failure to appeal the denial of a prior rule 3.800 motion does not invoke the law of the case doctrine, as the court in Juliano was clear that the doctrine only applies to issues resolved by the appellate courts. Thus, the trial court's prior decision does not establish the law of the case in this court.
In Carter, the court specifically held that "[b]ecause the error in sentencing Carter as a habitual offender for a life felony is apparent on the face of the record, Carter is entitled to relief pursuant to rule 3.800(a)." 786 So.2d at 1180. McBride is likewise entitled to relief under the rule. Although McBride entered a plea agreement and was sentenced accordingly, "a defendant cannot agree to an illegal sentence." Wilson v. State, 752 So.2d 1227, 1229 (Fla. 5th DCA 2000) (citing Shelton v. State, 739 So.2d 1235 (Fla. 4th DCA 1999) (noting that defendant cannot be bound to an agreement to accept an illegal sentence); Lee v. State, 731 So.2d 71 (Fla. 2d DCA 1999) (holding defendant cannot authorize court to impose an illegal sentence, even by virtue of a plea agreement)).

Conclusion
The sentence imposed on McBride as a habitual offender for attempted first degree murder constitutes an illegal sentence. Since the law of the case doctrine does not apply to that specific issue, imposition of the illegal sentence on McBride is an error that should be corrected by this court. Accordingly, we reverse the denial of McBride's Rule 3.800(a) motion as to his habitual offender sentence for attempted first degree murder with a firearm and remand for further proceedings. We affirm the trial court's denial of McBride's Rule 3.800(a) motion as to the other two convictions.
We certify to the Florida Supreme Court the following question as one of great public importance:
IS A DEFENDANT ENTITLED TO RELIEF PURSUANT TO A SUCCESSIVE RULE 3.800(a) MOTION TO CORRECT AN ILLEGAL SENTENCE WHEN THE DEFENDANT RAISED THE IDENTICAL ISSUE IN A PRIOR RULE 3.800(a) MOTION THAT WAS DENIED BY THE TRIAL COURT BUT NEVER APPEALED TO THE DISTRICT COURT OF APPEAL?
REVERSED in part; AFFIRMED in part; QUESTION CERTIFIED.
PALMER, J., concurs.
GRIFFIN, J., dissents without opinion; concurs in certification only.
NOTES
[1] The habitual felony offender statute was amended by the Legislature to specifically apply to life felonies effective October 1, 1995. See Ch. 95-182, § 2, Laws of Fla. (codified at 775.084(4)(a), (b), Fla. Stat. (1995)); see also Carter v. State, 786 So.2d 1173, 1175 n. 3 (Fla.2001). However, chapter 95-182 was declared unconstitutional by the Florida Supreme Court in State v. Thompson, 750 So.2d 643 (Fla.1999); see also Woodson v. State, 777 So.2d 1167 (Fla. 3d DCA), rev. denied, 796 So.2d 539 (Fla.2001). The Legislature subsequently re-enacted that amended version of the statute to cure the constitutional infirmity, and the current version of the statute does include life felonies. Suffice it to say that for purposes of the instant case, at the time McBride committed his offense, the statute did not provide for habitualization of life felonies and his sentence is improper.
[2] We note that although the trial court denied McBride's motion as successive, it failed to include the prior motion and order as attachments to its order. The Attorney General's office attempted to cure this defect by including copies of the prior motion and order with its response. This did not cure the defect, however, because it is the duty of the trial court, not the state, to supply the necessary attachments. See Worthington v. State, 667 So.2d 1023 (Fla. 5th DCA 1996) (holding that the trial court's denial of a rule 3.800(a) motion must be reversed when no record portions were attached and that the state's attempt to provide the missing documentation by supplementing the record in the appellate proceedings did not cure the defect). This defect notwithstanding, we will decide the issue before us on the merits in light of the State's concession that the trial court committed error when it imposed a habitual offender sentence.
[3] Once it is determined that the law of the case doctrine applies, the exceptions to the doctrine must be considered. The court in Juliano recognized the well-settled exception which provides that an appellate court does have the power to reconsider and correct an erroneous ruling if it would result in a manifest injustice. Other exceptions may apply depending on the facts and circumstances of the case. For example, intervening legislative action or an intervening decision by a higher court that changes the law may constitute exceptions to the doctrine. See, e.g., State v. Owen, 696, So.2d 715 (Fla.1997); Trotter v. State, 690 So.2d 1234 (Fla.1996).