838 So.2d 699 (2003)
Charlie T. WASHINGTON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-27.
District Court of Appeal of Florida, Fifth District.
March 7, 2003.
Charlie T. Washington, Lake City, pro se.
No Appearance for Appellee.
*700 SHARP, W., J.
Washington appeals from the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm.
Washington's original convictions and sentences were affirmed on appeal. See Washington v. State, 768 So.2d 463 (Fla. 5th DCA 2000). He then began the collateral challenges:
1. Washington filed a motion pursuant to rule 3.850 which was denied and the denial was affirmed on appeal. See Washington v. State, 800 So.2d 321 (Fla. 5th DCA 2001).
2. Washington filed a motion pursuant to rule 3.800(a) which was denied and the denial was affirmed on appeal. See Washington v. State, 814 So.2d 1063 (Fla. 5th DCA 2002).
3. Washington filed a motion pursuant to rule 3.850, which was denied and the denial was affirmed on appeal. See Washington v. State, 833 So.2d 155 (Fla. 5th DCA 2002).
4. Evidently Washington also filed a second motion pursuant to rule 3.800(a) which was denied, but no appeal has been taken, and a motion to modify sentence which was also denied.
In this third rule 3.800(a) proceeding, Washington's claims are unclear, but he alleges as best we can decipher, that his sentences are improper departures and illegal because they exceed the guidelines. These are the same issues raised and rejected in Washington's prior rule 3.800(a) proceeding. Thus, they are successive and improper. See McBride v. State, 810 So.2d 1019 (Fla. 5th DCA), rev. granted, 825 So.2d 935 (Fla.2002).
It is a waste of judicial attention and effort for trial courts and appellate courts to have to consider such repetitive motions filed by convicted defendants. We warn Washington against filing additional motions or proceedings seeking repetitive relief, or relief which should have been brought or sought in direct appeal proceedings or prior motions. If successive and repetitive relief from his convictions are brought in the future they may result in sanctions, including an order from this court barring him from filing additional collateral attacks on those convictions and sentences without obtaining the co-signature and endorsement by a person licensed to practice law in this state. See Isley v. State, 652 So.2d 409 (Fla. 5th DCA 1995). See also State v. Spencer, 751 So.2d 47 (Fla.1999).
AFFIRMED.
THOMPSON, CJ., and PETERSON, J., concur.