PER CURIAM.
Appellant challenges the trial court’s summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the record does not conclusively refute Appellant’s claim that his sentence in case number 02-3308 exceeds the statutory maximum, we reverse.
On November 6, 2002, Appellant was convicted of violating his probation in case number 99-4483 on the crimes of burglary of an unoccupied structure and grand theft, and of felony petit theft in case number 02-3308. All of Appellant’s convictions were third-degree felonies punishable by up to 60 months’ imprisonment. §§ 810.02; 812.014; 775.082(3)(d), Fla. Stat. (1999); §§ 812.014; 775.082(3)(d), Fla. Stat. (2002). He was sentenced to concurrent terms of 70.3 months’ imprisonment, which was the lowest permissible sentence under his Criminal Punishment Code scoresheet. Appellant was sentenced as a habitual felony offender on case number 99-4438, but not on 02-3308.
Appellant filed a motion to correct his illegal sentence, alleging that his score-sheet contained an error that would reduce his lowest permissible sentence below the *1259 statutory maximum for third-degree felonies. The trial court corrected Appellant’s scoresheet, which resulted in his lowest permissible sentence being reduced to 58.05 months’ imprisonment. However, the trial court refused to reduce Appellant’s sentences of 70.3 months’ imprisonment.
Because Appellant was sentenced as a habitual felony offender, it was proper for the trial court to refuse to reduce Appellant’s sentences in case number 99-4438. § 775.084(4)(h), Fla. Stat. (1999); Payton v. State, 810 So.2d 539, 540 (Fla. 5th DCA 2002). However, the trial court erred in refusing to resentence Appellant in accordance with the corrected scoresheet in case number 02-3308. Appellant must be sentenced between his Criminal Punishment Code scoresheet lowest permissible sentence and the statutory maximum. See Butler v. State, 838 So.2d 554, 555-56 (Fla. 2003); Daniels v. State, 838 So.2d 617, 618 (Fla. 1st DCA 2003); §§ 921.002(g), 921.0024(2), Fla. Stat. (2002). As corrected, Appellant’s lowest permissible sentence of 58.05 months’ imprisonment is below the statutory maximum of 60 months for a third-degree felony. Therefore, in case number 02-3308, Appellant had to be sentenced to a sentence between 58.05 months’ imprisonment and the statutory maximum of 60 months’ imprisonment.
We therefore reverse the trial court’s summary denial and remand for the trial court to attach portions of the record that conclusively refute Appellant’s claim or to grant Appellant’s requested relief.
AFFIRMED in part; REMANDED in part; and REVERSED in part.
BOOTH, BENTON and LEWIS, JJ„ concur.