867 So.2d 649 (2004)
Charlie T. WASHINGTON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-482.
District Court of Appeal of Florida, Fifth District.
March 19, 2004.
Charlie T. Washington, Malone, pro se.
No Appearance for Appellee.
PER CURIAM.
Charlie T. Washington appeals the trial court's order summarily denying his Rule 3.800(a) motion, his fourth such motion.[1] The trial court found Washington's instant motion was successive and an abuse of process because it "appears he is again claiming that he should have received a guideline as opposed to a departure sentence and that his sentences exceed the statutory maximum for the particular offenses." The court further cautioned Washington that "further like motions may result in an order to show cause why [he] should not be barred from further pro se filings." We agree and affirm.
This is the second warning that our judicial system has meted out to Washington. In an earlier appeal to this court involving the denial of Washington's third Rule 3.800(a) motion, this court warned Washington that further successive motions "may result in sanctions." Washington v. State, 838 So.2d 699 (Fla. 5th DCA 2003). In that opinion, the court set forth Washington's earlier collateral challenges as follows:
1. Washington filed a motion pursuant to rule 3.850 which was denied and the denial was affirmed on appeal. See Washington v. State, 800 So.2d 321 (Fla. 5th DCA 2001).
2. Washington filed a motion pursuant to rule 3.800(a) which was denied and the denial was affirmed on appeal. See Washington v. State, 814 So.2d 1063 (Fla. 5th DCA 2002).

*650 3. Washington filed a motion pursuant to rule 3.850, which was denied and the denial was affirmed on appeal. See Washington v. State, 833 So.2d 155 (Fla. 5th DCA 2002).
4. Evidently Washington also filed a second motion pursuant to rule 3.800(a) which was denied, but no appeal has been taken, and a motion to modify sentence which was also denied.
Washington, 838 So.2d at 700. This court now addresses denial of Washington's fourth Rule 3.800(a) motion.
Washington is testing the patience of this court. Accordingly, we reiterate:
It is a waste of judicial attention and effort for trial courts and appellate courts to have to consider such repetitive motions filed by convicted defendants. We warn Washington against filing additional motions or proceedings seeking repetitive relief, or relief which should have been brought or sought in direct appeal proceedings or prior motions. If successive and repetitive relief from his convictions are brought in the future they may result in sanctions, including an order from this court barring him from filing additional collateral attacks on those convictions and sentences without obtaining the co-signature and endorsement by a person licensed to practice law in this state. See Isley v. State, 652 So.2d 409 (Fla. 5th DCA 1995). See also State v. Spencer, 751 So.2d 47 (Fla.1999).
Washington, 838 So.2d at 700.
AFFIRMED.
SAWAYA, C.J., SHARP, W. and TORPY, JJ., concur.
NOTES
[1] Washington's judgment and sentences were previously affirmed on direct appeal. See Washington v. State, 768 So.2d 463 (Fla. 5th DCA 2000).