PER CURIAM.
In this almost twenty-year-old case, Leonard A. Dunn [“Dunn”] claims, as he has repeatedly in prior proceedings, that his sentence was illegal. Dunn was indicted for first-degree murder with a firearm, a crime that could have resulted in a death sentence. To avoid that risk, he entered into a negotiated guilty plea to second-degree murder, a first-degree felony punishable by life. An explicit condition of the plea agreement was the stipulation by Dunn that there were in existence factors which would validly permit the court to sentence him up to fifty years in state prison. He received the negotiated, agreed-upon, fifty-year sentence. Dunn v. State, 501 So.2d 721 (Fla. 5th DCA 1987). He received the same sentence after this court remanded for consideration of a guidelines issue.[1]
Dunn acknowledges that this court rendered an opinion on this issue holding that Dunn’s conviction for second-degree murder constitutes a “felony of the first degree” punishable by a term of years not exceeding life, not a life felony and, therefore, the fifty-year term was legal. See Dunn v. State, 522 So.2d 41 (Fla. 5th DCA *1037 1988). He unsuccessfully attempted to undo this ruling on rehearing and through multiple post-conviction motions filed subsequently. Now he urges that this court should allow this most recent successive attack on the legality of his sentence on the grounds of “manifest injustice.” See McBride v. State, 810 So.2d 1019, 1022 (Fla. 5th DCA 2002).
We reject this claim of manifest injustice. Contrary to Dunn’s insistent argument, it is not apparent that the court’s earlier decisions were wrong, and Dunn received the sentence he freely bargained for. Accordingly, we affirm.
AFFIRMED.
GRIFFIN, MONACO and TORPY, JJ., concur.

. Dunn is apparently scheduled to be released from prison in five years.