944 So.2d 1248 (2006)
Charles E. LONGLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-2748.
District Court of Appeal of Florida, Fifth District.
December 29, 2006.
Charles E. Longley, Arcadia, pro se.
No Appearance for Appellee.
PER CURIAM.
Charles E. Longley was convicted of robbery with a firearm and sentenced as *1249 an habitual violent felony offender. He is appearing in this Court for the tenth time on his 1991 case. This time, he is appealing the denial of his latest rule 3.800(a) motion, which raises three successive and time-barred attacks upon his habitualization. This Court issued a show cause order pursuant to State v. Spencer, 751 So.2d 47, 48 (Fla.1999).
First, Longley's response, which he has made before, is that the alleged "blatant, fundamental errors that have endured for years" appear "clearly on the face of the record." Simply asserting that any perceived error amounts to "fundamental error" does not make it so. Longley is merely successively complaining about defects in the habitualization process. See Brown v. State, 813 So.2d 132, 134 (Fla. 5th DCA 2002) (stating claim of defective habitualization process is subject to procedural bar against successive claims); Hope v. State, 766 So.2d 343, 344 (Fla. 5th DCA 2000) (reiterating that "mere allegation[s] of a defective habitualization process [do] not constitute a claim of an `illegal' sentence").
Second, Longley contends that the issues have never been addressed on their "merits." He seems to think that any procedural bar (based on being successive, time barred, etc.) just doesn't count. It does count, and a claim that the procedural requirements of the habitual offender statute were not followed is not cognizable in a rule 3.800(a) proceeding. See Clayton v. State, 904 So.2d 660, 660 (Fla. 5th DCA 2005); Payton v. State, 810 So.2d 539, 540 (Fla. 5th DCA 2002). It is far too late for Longley to file a rule 3.850 motion, to say nothing of the fact that it would be his fourth rule 3.850 motion if he did so.
Third, we hold that Longley is barred from further pro se filings in this Court involving his 1991 case because his pleadings have become an abuse of process. See Criminal Appeal Reform Act of 1996, § 924.051, Fla. Stat. (2006) (acknowledging limitations on collateral review to be strictly enforced); Glasco v. State, 914 So.2d 512, 512 (Fla. 5th DCA 2005) (recognizing frivolous collateral appeals clog the courts and hurt meritorious appeals by inviting sweeping rulings and by engendering judicial impatience with all defendants); Isley v. State, 652 So.2d 409, 410 (Fla. 5th DCA 1995) ("Enough is enough"). We affirm, and in order to conserve judicial resources we prohibit Longley from filing with this Court any further pro se pleadings concerning Ninth Judicial Circuit Court case number 1991-CF-11788. The Clerk of this Court is directed not to accept any further pro se filings concerning this case from Charles E. Longley, and any more pleadings regarding this case will be summarily rejected by the Clerk, unless they are filed by a member in good standing of The Florida Bar. The Clerk is further directed to forward a certified copy of this opinion to the appropriate institution for consideration of disciplinary procedures. See § 944.279(1), Fla. Stat. (2006); see, e.g., Simpkins v. State, 909 So.2d 427, 428 (Fla. 5th DCA 2005).
AFFIRMED; Future Pro Se Filings Prohibited; Certified Opinion Forwarded to Department of Corrections.
GRIFFIN, ORFINGER, and TORPY, JJ., concur.